IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
SEP 29 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| KIM PINDAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) (jury demand) |
| THOMAS J. DART, Sheriff of Cook County, | ) |
| and COOK COUNTY, ILLINOIS, | ) |
| | |
| Defendants. | 10CV6237 |
| | JUDGE PALLMEYER |
| | MAG. JUDGE KIM |
| | ) |

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND MONETARY DAMAGES

Plaintiff KIM PINDAK, by his undersigned attorneys, pursuant to 42 U.S.C. § 1983, complains against Defendants Thomas J. Dart, Sheriff of Cook County, and Cook County, Illinois as follows:

### NATURE OF THE CASE

1. This case involves the Cook County Sheriff Department's unlawful intrusion and interference upon panhandlers' constitutionally-protected right to peacefully panhandle on public property in the City of Chicago and Cook County.

2.. At all times relevant, Defendant Dart has enforced an official policy of the Sheriff's Department prohibiting all panhandling activity outside the Daley Center in Daley Plaza located in Chicago's Loop in flagrant violation of panhandlers' legal rights.

3.. Plaintiff seeks a declaratory judgment that Defendant Dart's blanket prohibition on peaceful panhandling in Daley Plaza violates Plaintiff's First Amendment rights. Plaintiff also seeks injunctive relief to prohibit Defendant Dart from enforcing such a blanket prohibition in

the future. And Plaintiff seeks monetary damages for Defendant Dart's violation of Plaintiff's First Amendment rights.

## THE PARTIES

4. Plaintiff Kim Pindack is a male resident of the Northern District of Illinois and resident of the City of Chicago, County of Cook, State of Illinois. He is a resident of the Bryn Mahr Care Nursing Home Facility. He regularly panhandles for money on the public way as a way to help feed himself and to live a better life.

5. Defendants are Thomas J. Dart, Sheriff of Cook County, and Cook County, Illinois. Plaintiff sues Dart in his official capacity; Plaintiff joins Cook County pursuant to Carver v. Sheriff of LaSalle County, 324 F. 3d 947 (7th Cir. 2003).

## JURISDICTION AND VENUE

6. This is a civil action arising under to 42 U.S.C. §§ 1983. The Jurisdiction of this court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367,

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as all of the events giving rise to the claims asserted herein occurred in Cook County, Illinois.

## FACTUAL ALLEGATIONS

8. Plaintiff Pindak panhandles at various locations and at various times on the public ways in Chicago, including at Daley Plaza. When panhandling, he stands with a cup in his hand and asks pedestrians, "Can you spare some change?" When pedestrians place money into his cup, he always says, "Thank you." He is not aggressive in any manner.

9. Plaintiff receives public assistance in an amount that pays for his monthly room and board at Bryn Mahr Care Nursing Facility. This amount goes directly to Bryn Mahr Care; Plaintiff never sees any of this money. In addition, Plaintiff receives $30.00 a month in public assistance, which he directly receives himself. This $30.00 pays for all his other expenses in the

course of a month. Plaintiff Pindak has no other income and no savings. Plaintiff panhandles to supplement this $30.00 per month.

10. Over the course of the last two years, Plaintiff has routinely been ordered by Cook County Sheriffs off the grounds of Daley Plaza for the act of peaceful panhandling.

11. The most recent incident occurred on Friday, September 24, 2010. On this occasion, Plaintiff was peacefully panhandling in Daley Plaza, when Cook County Sheriff Officers told Plaintiff that there was absolutely no panhandling anywhere on the public property outside the Daley Center in Daley Plaza and was told to leave the premises.

12. In particular, the Cook County Sheriffs on duty told Plaintiff Pindak that there was no panhandling on the Daley Plaza "this year, the following year, and the year after that," that if he didn't get off the premises the Sheriff was "going to put handcuffs on [him]." When Plaintiff asked where he was allowed to panhandle on the plaza, he was told "there was no soliciting on the plaza" and that he had to go "outside the plaza" to the street corner to panhandle.

13. The same no-panhandling policy on Daley Plaza was enforced against Plaintiff by several different Sheriffs Officers on numerous other occasions. On Oct. 6, 2009, when attempting to panhandle on the grounds of the Daley Plaza, Plaintiff was escorted off the grounds. On September 23, 2009, Plaintiff, while panhandling on the plaza, was told by Sheriff Officers at the Plaza, "You can't beg at all [on Daley Plaza]. It is illegal."

## SHERIFF'S LIABILITY

14. The uniformity of the practice by personnel and/or agents of the Sheriff's Department of removing peaceful panhandlers from Daley Plaza indicates either (1) that the absolute prohibition on all peaceful panhandling activity in Daley Plaza is a policy and/or practice of the Cook County Sheriff's Department; or (2) that the Cook County Sheriff's

Department has failed to adequately train its police officers to protect the legal rights of panhandlers. By routinely interfering with Plaintiff's peaceful panhandling activity on Daley Plaza, the Cook County Sheriff personnel have indicated that they are following Department policy.

## COUNT I
## 42 U.S.C. § 1983 CIVIL RIGHTS VIOLATION:
## FIRST AMENDMENT OF THE U.S. CONSTITUTION FACIALLY AND AS-APPLIED:
### (For Declaratory, Injunctive and Monetary Relief Against All Defendants)

Plaintiff realleges and incorporates by reference paragraphs 1 through 14 as if fully set forth herein.

15. Daley Plaza is a traditional public forum.

16. Plaintiff's panhandling activities are expressions of free speech protected by the First Amendment to the United States Constitution and applied to the States through the Fourteenth Amendment.

17. Defendant' Dart's blanket prohibition on peaceful panhandling in Daley Plaza violates his First Amendment rights.

18. The blanket prohibition of peaceful panhandling in Daley Plaza is an unreasonable time, place, and manner restriction.

19. As a direct and proximate result of the Sheriff Department's policy and practice, Plaintiff Pindak is in fear of arrest and deterred from exercising his Constitutionally-protected free speech rights.

20. As a direct and proximate consequence of the Sheriff Department's policy and practice, Plaintiff Pindak has suffered monetary damages in the form of loss of income, as well as suffered emotional trauma, physical discomfort, anguish, humiliation and insult.

21. Plaintiffs have suffered irreparable injury by Defendant Dart's actions and will continue to suffer irreparable injury in the absence of injunctive relief.

22. Plaintiff lacks any adequate remedy at law.

23. The balance of harms weighs in favor of Plaintiff, and against Defendants, as the issuance of injunctive relief will not adversely affect the public interest.

**WHEREFORE**, Plaintiff requests that this Court:

A) Enter a declaration that the Sheriff Department's policy and practice of prohibiting all panhandling activity on Daley Plaza violates the First Amendment to the United States Constitution;

B) Enter a preliminary and then a permanent injunction barring Defendant Dart and the Cook County Sheriff's Department and its agents, servants, employees and attorneys from blanketly and absolutely restricting panhandling activity on Daley Plaza;

C) Enter judgment on behalf of Plaintiff and against Defendants for monetary damages to be determined at trial;

D) Enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

E) Grant Plaintiff any and all other relief as law and justice demand.

Dated: September 29, 2010

KIM PINDAK,

By: _____
One of His Attorneys

Mark G. Weinberg
3612 N. Tripp Ave
Chicago, IL 60641
(773) 283-3913