IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KIM PINDAK**, | ) |
| Plaintiff, | ) |
| | ) Case No. 10C6237 |
| v. | ) |
| | ) Judge Pallmeyer |
| **THOMAS J. DART, Sheriff of Cook County, and** | ) Magistrate Judge Kim |
| **COOK COUNTY, ILLINOIS**, | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

This case involves the Cook County Sheriff Department's unlawful intrusion and interference upon Plaintiff's First Amendment right to peacefully panhandle on public property in the City of Chicago and Cook County. Plaintiff alleges in his Complaint that Defendant Dart has enforced an official policy of the Sheriff's Department prohibiting all panhandling activity outside the Daley Center in Daley Plaza located in Chicago's Loop in violation of panhandlers' legal rights. Plaintiff seeks a declaratory judgment that Defendant Dart's blanket prohibition on peaceful panhandling in Daley Plaza violates Plaintiff's First Amendment rights. Plaintiff also seeks injunctive relief to prohibit Defendant Dart from enforcing such a blanket prohibition in the future. And Plaintiff seeks monetary damages for Defendant Dart's violation of Plaintiff's First Amendment rights. In response to Plaintiff's Complaint, Defendants have moved to dismiss

the Complaint claiming (1) that Plaintiff does not have standing to sue, in particular, for injunctive relief in this matter; (2) that the the *Younger* abstention doctrine demands dismissal of all of Plaintiff's claims in this matter, *e.g.*, declaratory judgment, injunctive relief and money damages; and (3) that, even assuming that such a policy exists, it is a valid time, place and manner restriction and does not run afoul of the First Amendment, which demands dismissal. As the analysis below sets forth, Defendants are wrong on all these assertions.

1. **THERE IS NO BASIS FOR DISMISSING PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF FOR LACK OF STANDING.**

    A. **Under the Standard Set Forth by the Seventh Circuit in *Goldhamer v. Nagode,* Injunctive Relief Is Appropriate.**

In arguing that Plaintiff lacks standing to sue for injunctive relief, Defendants rely on the recent Seventh Circuit opinion issued in *Goldhamer v. Nagode*, 2010 U.S. App. LEXIS 18325 (7th Cir. 2010). Defendants' Motion at 3-6. In fact, a fair reading of *Goldhamer* supports Plaintiff's claim for injunctive relief here. In *Goldhamer*, plaintiffs there sought an injunction against enforcement of section 8-4-010(d) the City of Chicago's disorderly conduct ordinance, a controversial provision that made it a crime for a person to fail to disperse from a group when ordered to do so by a police officer while others are engaging in disorderly conduct. Holding that that Plaintiffs did not have standing to sue for injunctive relief, the Court set forth the three-prong standard for determining the appropriateness for injunctive relief:

> To establish their standing to seek that relief, the plaintiffs must show that: (1) they are under threat of an actual and imminent injury in fact; (2) there is a causal relation between that injury and the conduct to be enjoined; and (3) it is likely, rather than speculative or hypothetical, that a favorable judicial decision will prevent or redress that injury.

*Goldhamer* at 6-7.

In *Goldhamer,* the Court ruled that that the plaintiffs there failed to satisfy prong-three of these requirements, holding that "the failure-to-disperse provision clearly did not apply to the plaintiffs' actions," *id*. at 7, and that therefore the plaintiffs lacked standing to challenge the constitutionality of the ordinance because an "injunction against enforcement of the provision is unlikely to prevent any injury to these plaintiff." *Id*. In other words, since the ordinance did not apply to plaintiffs' actions, there was no danger of plaintiffs being prosecuted under the ordinance and therefore an injunction would not "prevent or redress [his] injury," as required under the third prong of the test to satisfy the requirements for the appropriateness of injunctive relief.

In the case at hand, however, all three prongs for establishing the appropriateness of injunctive relief have been met. Taking each of the requirements in turn, Plaintiff, first, is "under threat of an actual and imminent injury." As the Complaint makes clear [1], not only is there a *threat* of injury, but on three separate occasions Plaintiff's First Amendment have already been interfered with. ¶11-13 of Complaint. Moreover, the Sheriff's deputies have warned Plaintiff that the alleged policy prohibiting all panhandling on Daley Plaza is continually in effect. *Id*. Thus, the policy constitutes a continuing harm to Plaintiff who seeks to exercise his First Amendment rights to panhandle in Daley Plaza.

Second, there is "a causal relation between that injury and the conduct to be enjoined." Here, the conduct to be enjoined is the Sheriff's alleged policy prohibiting panhandling on Daley Plaza. See ¶14. It is precisely this policy that is the cause of Plaintiff's harm, thereby satisfying the causal connection requirement.

---

[1] At this stage of the proceedings, the allegations of the Complaint must be assumed to be true. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

And third, unlike in *Goldhamer,* "a favorable judicial decision will prevent or redress that injury." An injunction prohibiting enforcement of the Sheriff's policy will protect Plaintiff's constitutionally-protected right to panhandle on public property in a peaceful manner.

### B. Seventh Circuit Case Law Makes Clear That the Particular Facts of this Case Make Injunctive Relief Appropriate.

The Seventh Circuit's decision in *Goldhamer* supports Plaintiff's claim for injunctive relief in a second way. The case at hand concerns a claim that the Sheriff has an official policy and/or practice of interfering with Plaintiff's First Amendment rights on Daley Plaza. Plaintiff's Complaint sets forth specific details identifying repeated instances of this policy/practice being enforced against him. ¶11-13 of Complaint. In *Goldhamer,* the Seventh Circuit writes that it is precisely in situations involving a persistent pattern of interference where injunctive relief is most appropriate:

> Perhaps if we had a record showing a persistent pattern of similar police misconduct, persons intending to engage in protected speech and expression might be able to show that they were entitled to injunctive relief of some kind, if not against all enforcement of the provision then at least against future such misconduct.

*Goldhamer* at 13. Thus, Plaintiff having pled that that the Sheriff has a policy and persistent practice of interfering with his First Amendment rights (notably, this is not a claim of an isolated or accidental interference) and that unless the practice is stopped Plaintiff's First Amendment rights will continue to be interfered with, this case is particularly appropriate for injunctive relief, based on the Court's guidance in *Goldhamer*.

### C. At the Very Least, Defendant's Request for Dismissal of the Claim for Injunctive Relief Is Premature.

At the very least, Defendants' request for dismissal of the claim for injunctive relief is

. 4

premature, since the only evidence available to the Court at this time is the Complaint. Both parties should be able to present evidence concerning the existence (or non-existence) of a policy of continuing harassment, which will assist the Court in making a determination as to the appropriateness of injunctive relief in this matter.

2. **THERE IS NO BASIS FOR DISMISSING PLAINTIFF'S CLAIM UNDER THE *YOUNGER* ABSTENTION DOCTRINE.**

Defendants' argument that Plaintiff's Complaint should be dismissed based on the *Younger* Abstention Doctrine, see Defendants' Motion at 7-8, can be easily and summarily met. The core of the *Younger* doctrine is "the proposition that a person who is being prosecuted by a state for violating its laws is not allowed to derail the prosecution by bringing a suit in federal court to enjoin the prosecution on the ground that the state statute on which it is based is unconstitutional." *Hoover v. Wagner*, 47 F. 3d 845, 848 (7th Cir. 1995). Here, application of the *Younger* doctrine makes no sense: there is no prosecution here for anything; nor is the constitutionality of any state statute being challenged. The *Younger* doctrine does not apply.

3. **DEFENDANTS' ARGUMENTS THAT THE SHERIFF'S POLICY IS A REASONABLE, TIME, PLACE, MANNER RESTRICTION ARE INAPPROPRIATE ON A MOTION TO DISMISS.**

Defendants spend two pages arguing that "even assuming that such a policy exists, it is a valid time, place and manner restriction and does not run afoul of the First Amendment." Defendants' Motion at 9-10. These arguments are premature, since they raise factual issues that go well beyond the four corners of the Complaint. Accordingly, they offer no basis for dismissal of the Complaint.

## CONCLUSION

Based on the preceding, Plaintiff respectfully requests that this Court deny Defendants' Motion To Dismiss for lack of standing.

Dated: January 14, 2011

                                              **KIM PINDAK,**

                                            By:/s/ Mark Weinberg
                                              One of His Attorneys

Mark G. Weinberg
3612 N. Tripp Ave
Chicago, IL 60641
(773) 283-3913

## **CERTIFICATE OF SERVICE**

Mark Weinberg certifies that he caused **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS** to be served on all counsel of record, by this Court's electronic-filing system, on January 14, 2011.

By:/s/ Mark Weinberg
One of His Attorneys
