**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KIM PINDAK, )<br>)<br>      Plaintiff, )<br>)<br>  v. )<br>)<br>THOMAS J. DART, Sheriff of Cook County, )<br>COOK COUNTY, ILLINOIS, CITY OF )<br>CHICAGO, a municipal corporation, MB REAL )<br>ESTATE SERVICES, LLC, a Delaware )<br>Corporation, SECURITAS SECURITY )<br>SERVICES USA, INC., an Illinois corporation, )<br>and Unknown Security Officers JOHN DOE and )<br>JIM DOE, )<br>)<br>      Defendants. ) | Case No. 10 C 6237<br><br>Judge Pallmeyer<br>Magistrate Judge Kim<br><br>*Jury Demand* |

**FIRST AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS,
DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND MONETARY DAMAGES**

Plaintiff KIM PINDAK, by his undersigned attorneys, pursuant to 42 U.S.C. § 1983, complains against Defendants Thomas J. Dart, Sheriff of Cook County, Cook County, Illinois, City of Chicago, MB Real Estate Services, LLC, Securitas Security Services USA, Inc., John Doe and Jim Doe as follows:

**NATURE OF THE CASE**

1. This case involves Defendants' unlawful intrusion and interference upon panhandlers' constitutionally-protected right to peacefully panhandle on public property in the City of Chicago and Cook County.

2. At all times relevant, Defendants have enforced an official policy of the City of Chicago and the Cook County Sheriff's Department prohibiting all panhandling activity outside

the Daley Center in Daley Plaza located in Chicago's Loop in flagrant violation of panhandlers' legal rights.

3.. Plaintiff seeks a declaratory judgment that Defendants' blanket prohibition on peaceful panhandling in Daley Plaza violates Plaintiff's First Amendment rights. Plaintiff also seeks injunctive relief to prohibit Defendants from enforcing such a blanket prohibition in the future. And Plaintiff seeks monetary damages for Defendants' violation of Plaintiff's First Amendment rights.

## THE PARTIES

4. Plaintiff Kim Pindack is a male resident of the Northern District of Illinois and resident of the City of Chicago, County of Cook, State of Illinois. He is a resident of the Bryn Mahr Care Nursing Home Facility. He regularly panhandles for money on the public way as a way to help feed himself and to live a better life.

5. Defendant Thomas J. Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity. Plaintiff joins Cook County pursuant to Carver v. Sheriff of LaSalle County, 324 F. 3d 947 (7th Cir. 2003).

6. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the state of Illinois.

7. Defendant MB Real Estate Services LLC is a Delaware corporation with its principal place of business in Chicago, Illinois. MB Real Estate Services LLC is a property management company that oversees security services in Daley Plaza pursuant to a contract with the City of Chicago.

8. Defendant Securitas Security Services USA, Inc., is an Illinois corporation with its principal place of business in Chicago, Illinois. Securitas Security Services USA, Inc., provides

security services in Daley Plaza pursuant to a contract with MB Real Estate Services LLC and the City of Chicago.

9. Defendants John Doe and Jim Doe are security officers employed by Securitas Security Services USA, Inc., pursuant to its contracts with the City of Chicago and MB Real Estate. John Doe and Jim Doe's identities are currently unknown. At all times relevant to this complaint, John Doe and Jim Doe were acting under color of state law, ordinance or regulation and within the course and scope of their employment as security officers in Daley Plaza. John Doe and Jim Doe are sued in their individual capacities.

## JURISDICTION AND VENUE

10. This is a civil action arising under 42 U.S.C. §§ 1983. This Court has jurisdiction pursuant to 28 U.S.C. §1343 and 28 U.S.C. §1367.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as all of the events giving rise to the claims asserted herein occurred in Cook County, Illinois.

## FACTUAL ALLEGATIONS

12. Plaintiff Pindak panhandles at various locations and at various times on the public ways in Chicago, including at Daley Plaza. When panhandling, he stands with a cup in his hand and asks pedestrians, "Can you spare some change?" When pedestrians place money into his cup, he always says, "Thank you." He is not aggressive in any manner.

13. Plaintiff receives public assistance in an amount that pays for his monthly room and board at Bryn Mahr Care Nursing Facility. This amount goes directly to Bryn Mahr Care; Plaintiff never sees any of this money. In addition, Plaintiff receives $30.00 a month in public assistance, which he directly receives himself. This $30.00 pays for all his other expenses in the course of a month. Plaintiff Pindak has no other income and no savings. Plaintiff panhandles to supplement this $30.00 per month.

14. Over the course of the past several years, Plaintiff has routinely been ordered by Cook County Sheriffs and Daley Plaza security personnel off the grounds of Daley Plaza for the act of peaceful panhandling.

15. The most recent incident occurred on Friday, September 24, 2010. On this occasion, Plaintiff was peacefully panhandling in Daley Plaza.

16. Defendants John Doe and Jim Doe, security personnel employed by Defendant Securitas Security Services USA Inc., told Plaintiff that there was absolutely no panhandling anywhere on the public property outside the Daley Center in Daley Plaza and told Plaintiff to leave the premises.

17. In particular, John Doe told Plaintiff Pindak that there was no panhandling on the Daley Plaza "this year, the following year, and the year after that," that if he didn't get off the premises he was "going to put handcuffs on [him]."

18. When Plaintiff asked where he was allowed to panhandle on the plaza, Jim Doe told Plaintiff "there [was] no soliciting on the plaza" and that he had to go "outside the plaza" to the street corner to panhandle.

19. The same no-panhandling policy on Daley Plaza was enforced against Plaintiff by sheriff's deputies employed by Defendant Dart on numerous other occasions.

20. On October 6, 2009, when attempting to panhandle on the grounds of the Daley Plaza, Plaintiff was escorted off the grounds by sheriff's deputies.

21. On September 23, 2009, Plaintiff, while panhandling on the plaza, was told by sheriff's deputies at the Plaza, "You can't beg at all [on Daley Plaza]. It is illegal."

**SHERIFF'S LIABILITY**

22. The uniformity of the practice by personnel and/or agents of the Sheriff's Department of removing peaceful panhandlers from Daley Plaza indicates either (1) that the

absolute prohibition on all peaceful panhandling activity in Daley Plaza is a policy and/or practice of the Cook County Sheriff's Department; or (2) that the Cook County Sheriff's Department has failed to adequately train its police officers to protect the legal rights of panhandlers. By routinely interfering with Plaintiff's peaceful panhandling activity on Daley Plaza, the Cook County Sheriff personnel have indicated that they are following Department policy.

### MUNICIPAL LIABILITY: CITY OF CHICAGO

23. The City of Chicago, through its agents MB Real Estate Services LLC, and Securitas Security Services USA Inc., uniformly prohibits peaceful panhandling and removes all individuals who panhandle on Daley Plaza.

24. The uniformity of this practice indicates either (1) that the absolute prohibition on all peaceful panhandling activity in Daley Plaza is a policy and/or practice of the City of Chicago; or (2) that the City of Chicago has failed to adequately train its agents and security officers to protect the legal rights of panhandlers. By routinely interfering with Plaintiff's peaceful panhandling activity on Daley Plaza, agents of the City of Chicago have indicated that they are following City policy.

### COUNT I
### 42 U.S.C. § 1983 CIVIL RIGHTS VIOLATION:
### FIRST AMENDMENT OF THE U.S. CONSTITUTION FACIALLY AND AS-APPLIED:
### (For Declaratory, Injunctive and Monetary Relief Against Defendant City of Chicago)

Plaintiff realleges and incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

25. Daley Plaza is a traditional public forum.

26. Plaintiff's panhandling activities are expressions of free speech protected by the First Amendment to the United States Constitution and applied to the States through the Fourteenth Amendment.

27. Defendant City of Chicago's blanket prohibition on peaceful panhandling in Daley Plaza violates Plaintiff's First Amendment rights.

28. The blanket prohibition of peaceful panhandling in Daley Plaza is an unreasonable time, place, and manner restriction.

29. As a direct and proximate result of the Defendant City of Chicago's policy and practice, Plaintiff Pindak is in fear of arrest and deterred from exercising his Constitutionally-protected free speech rights.

30. As a direct and proximate consequence of the City of Chicago's policy and practice, Plaintiff Pindak has suffered monetary damages in the form of loss of income, as well as suffered emotional trauma, physical discomfort, anguish, humiliation and insult.

31. Plaintiff has suffered irreparable injury by Defendant City of Chicago's actions and will continue to suffer irreparable injury in the absence of injunctive relief.

32. Plaintiff lacks any adequate remedy at law.

33. The balance of harms weighs in favor of Plaintiff, and against Defendants, as the issuance of injunctive relief will not adversely affect the public interest.

**WHEREFORE**, Plaintiff requests that this Court:

    A) Enter a declaration that the Defendants' policy and practice of prohibiting all panhandling activity on Daley Plaza violates the First Amendment to the United States Constitution;

    B) Enter a preliminary and then a permanent injunction barring Defendants and their agents, servants, employees and attorneys from absolutely restricting panhandling activity on Daley Plaza;

    C) Enter judgment on behalf of Plaintiff and against Defendants for monetary damages to be determined at trial;

      D)      Enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

      E)      Grant Plaintiff any and all other relief as law and justice demand.

## COUNT II
## 42 U.S.C. § 1983 CIVIL RIGHTS VIOLATION:
## FIRST AMENDMENT OF THE U.S. CONSTITUTION FACIALLY AND AS-APPLIED:
### (For Declaratory, Injunctive and Monetary Relief Against Defendant Thomas J. Dart and Cook County)

Plaintiff realleges and incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

34. Daley Plaza is a traditional public forum.

35. Plaintiff's panhandling activities are expressions of free speech protected by the First Amendment to the United States Constitution and applied to the States through the Fourteenth Amendment.

36. Defendants' blanket prohibition on peaceful panhandling in Daley Plaza violates Plaintiff's First Amendment rights.

37. The blanket prohibition of peaceful panhandling in Daley Plaza is an unreasonable time, place, and manner restriction.

38. As a direct and proximate result of the Defendants' policy and practice, Plaintiff Pindak is in fear of arrest and deterred from exercising his Constitutionally-protected free speech rights.

39. As a direct and proximate consequence of the Sheriff Department's policy and practice, Plaintiff Pindak has suffered monetary damages in the form of loss of income, as well as suffered emotional trauma, physical discomfort, anguish, humiliation and insult.

40. Plaintiff has suffered irreparable injury by Defendant Dart's actions and will continue to suffer irreparable injury in the absence of injunctive relief.

41. Plaintiff lacks any adequate remedy at law.

42. The balance of harms weighs in favor of Plaintiff, and against Defendants, as the issuance of injunctive relief will not adversely affect the public interest.

**WHEREFORE**, Plaintiff requests that this Court:

A) Enter a declaration that the Defendants' policy and practice of prohibiting all panhandling activity on Daley Plaza violates the First Amendment to the United States Constitution;

B) Enter a preliminary and then a permanent injunction barring Defendants and their agents, servants, employees and attorneys from absolutely restricting panhandling activity on Daley Plaza;

C) Enter judgment on behalf of Plaintiff and against Defendants for monetary damages to be determined at trial;

D) Enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

E) Grant Plaintiff any and all other relief as law and justice demand.

**COUNT III**
**42 U.S.C. § 1983 CIVIL RIGHTS VIOLATION:**
**FIRST AMENDMENT OF THE U.S. CONSTITUTION FACIALLY AND AS-APPLIED:**
**(For Monetary Relief Against Defendants John Doe and Jim Doe)**

Plaintiff realleges and incorporates by reference paragraphs 1 through 42 as if fully set forth herein.

43. As a direct and proximate result of the actions of Defendants John Doe and Jim Doe described above, Plaintiff Pindak has suffered monetary damages in the form of loss of income, as well as emotional trauma, physical discomfort, anguish, humiliation and insult.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendants and award the following relief:

8

A) Award Plaintiff compensatory and punitive damages as determined at trial;

B) Enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

C) Grant Plaintiff any and all other relief as law and justice demand.

Respectfully submitted,

/s/ Mark G. Weinberg
*Counsel for Plaintiff*

Mark G. Weinberg
3612 N. Tripp Ave
Chicago, IL 60641
(773) 283-3913

Adele D. Nicholas
4510 N. Paulina Street, 3E
Chicago, Illinois 60640
(847) 361-3869

.                                          9