**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KIM PINDAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10 C 6237 |
| | ) | |
| COOK COUNTY, COOK COUNTY SHERIFF | ) | Judge Pallmeyer |
| THOMAS J. DART, THE PUBLIC BUILDING | ) | Magistrate Judge Kim |
| COMMISSION OF CHICAGO, MB REAL | ) | |
| ESTATE SERVICES, LLC, a Delaware | ) | |
| Corporation, SECURITAS SECURITY | ) | *Jury Demand* |
| SERVICES USA, INC., an Illinois corporation, | ) | |
| DERON TRUMAN, ANTONIO KELLY and | ) | |
| Unknown Sheriff's Deputies JIM DOEs I and II, | ) | |
| | ) | |
| Defendants. | ) | |

**FIFTH AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS,
DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND MONETARY DAMAGES**

Plaintiff KIM PINDAK, by his undersigned attorneys, pursuant to 42 U.S.C. § 1983, complains against Defendants Cook County, Sheriff Thomas J. Dart, Public Building Commission of the City of Chicago, MB Real Estate Services, LLC, Securitas Security Services USA, Inc., Antonio Kelly and Deron Truman and Jim Does I and II as follows:

**NATURE OF THE CASE**

1. This case involves Defendants' unlawful intrusion and interference upon panhandlers' constitutionally-protected right to peacefully panhandle on public property in the City of Chicago and Cook County.

2. At all times relevant, Defendants have enforced an official policy prohibiting all panhandling activity outside the Daley Center in Daley Plaza located in Chicago's Loop in flagrant violation of panhandlers' legal rights.

3. Plaintiff seeks a declaratory judgment that Defendants' blanket prohibition on peaceful panhandling in Daley Plaza violates Plaintiff's First Amendment rights. Plaintiff also seeks injunctive relief to prohibit Defendants from enforcing such a blanket prohibition in the

future.  And Plaintiff seeks monetary damages for Defendants' violation of Plaintiff's First Amendment rights.

### THE PARTIES

4.      Plaintiff Kim Pindak is a male resident of the Northern District of Illinois and resident of the City of Chicago, County of Cook, State of Illinois.  He is a resident of the Bryn Mahr Care Nursing Home Facility.  He regularly panhandles for money on the public way as a way to help feed himself and to live a better life.

5.      Defendant Public Builing Commission of Chicago is a municipal corporation, duly incorporated under the laws of Illinois. The Public Building Commission is responsible for management of the Richard J. Daley Center and Daley Plaza.

6.      Defendant MB Real Estate Services LLC is a Delaware corporation with its principal place of business in Chicago, Illinois. MB Real Estate Services LLC is a property management company that oversees security services in Daley Plaza pursuant to a contract with the Public Building Commission. On information and belief, Defendant Public Building Commission has delegated to MB Real Estate Services LLC responsibility for regulating all citizen activities in Daley Plaza, a traditional public forum.

7.      Defendant Securitas Security Services USA, Inc., is an Illinois corporation with its principal place of business in Chicago, Illinois. Securitas Security Services USA, Inc., provides security services in Daley Plaza pursuant to a contract with MB Real Estate Services LLC and the Public Building Commission. The Public Building Commission has delegated to Securitas Security Services USA Inc., responsibility for regulating the activities of citizens in Daley Plaza, a traditional public forum.

8.      Defendant Thomas J. Dart is the Sheriff of Cook County.  Plaintiff sues Dart in his official capacity. Plaintiff joins Cook County pursuant to Carver v. Sheriff of LaSalle County, 324 F. 3d 947 (7th Cir. 2003).

9.      Defendants Antonio Kelly and Deron Truman are security officers employed by Securitas Security Services USA, Inc. (formerly Security Management Inc.), pursuant to its contracts with the Public Building Commission and MB Real Estate. At all times relevant to this complaint, Antonio Kelly and Deron Truman were acting under color of state law, ordinance or regulation and within the course and scope of their employment as security officers in Daley Plaza. Antonio Kelly and Deron Truman are sued in their individual capacities.

10.     Defendants Jim Does I and II are Sheriff's Deputies employed by Cook County Sheriff Thomas Dart. Jim Doe I and II's identities are currently unknown. At all times relevant to this complaint Jim Doe I and II were acting under color of state law, ordinance or regulation and within the course and scope of their employment as Sheriff's Deputies. Jim Doe I and II are sued in their individual capacities.

### JURISDICTION AND VENUE

11.     This is a civil action arising under 42 U.S.C. §§ 1983. This Court has jurisdiction pursuant to 28 U.S.C. §1343 and 28 U.S.C. §1367.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as all of the events giving rise to the claims asserted herein occurred in Cook County, Illinois.

### FACTUAL ALLEGATIONS

13.     Plaintiff Pindak panhandles at various locations and at various times on the public ways in Chicago, including at Daley Plaza.  When panhandling, he stands with a cup in his hand and asks pedestrians, "Can you spare some change?"  When pedestrians place money into his cup, he always says, "Thank you." He is not aggressive in any manner.

14.     Plaintiff receives public assistance in an amount that pays for his monthly room and board at Bryn Mahr Care Nursing Facility.  This amount goes directly to Bryn Mahr Care; Plaintiff never sees any of this money.  In addition, Plaintiff receives $30.00 a month in public assistance, which he directly receives himself.  This $30.00 pays for all his other expenses in the course of a month.  Plaintiff Pindak has no other income and no savings.  Plaintiff panhandles to supplement this $30.00 per month.

15.     Over the course of the past several years, Plaintiff has routinely been ordered by security personnel off the grounds of Daley Plaza for the act of peaceful panhandling.

**May 7, 2012: Incidents Involving Sheriff's Deputies**

16.     On May 7, 2012, around 10:30 a.m., Pindak was peacefully panhandling in Daley Plaza.

17.     Jim Doe I, a short black male sheriff's deputy in uniform approached Plaintiff and told him that he could not panhandle in the Plaza and that he is "banned" from Daley Plaza.

18.     Plaintiff stopped panhandling and left the area.

.                                                                 3

19.     Later that day, Plaintiff returned to Daley Plaza and approached Jim Doe II, the Sheriff's Deputy stationed in a booth at the Plaza.

20.     Plaintiff asked if panhandling was allowed on the Plaza.

21.     Jim Doe II responded that no one is permitted to panhandle anywhere on the Plaza.

22.     Plaintiff asked Jim Doe II who his boss was and the deputy replied, "Tom Dart."


**September 24, 2010: Incident Involving Private Security Personnel**

23.     On Friday, September 24, 2010, Plaintiff was peacefully panhandling in Daley Plaza.

24.     Defendants Antonio Kelly and Deron Truman, security personnel employed by Defendant Securitas Security Services USA Inc. to police Daley Plaza pursuant to a contract with MB Real Estate Services, told Plaintiff that there was absolutely no panhandling anywhere on the public property outside the Daley Center in Daley Plaza and told Plaintiff to leave the premises.

25.      In particular, Antonio Kelly told Plaintiff Pindak that there was no panhandling on the Daley Plaza "this year, the following year, and the year after that," that if he didn't get off the premises he was "going to put handcuffs on [him]."

26.     When Plaintiff asked where he was allowed to panhandle on the plaza, Deron Truman told Plaintiff "there [was] no soliciting on the plaza" and that he had to go "outside the plaza" to the street corner to panhandle.

27.     The same no-panhandling policy on Daley Plaza was enforced against Plaintiff on numerous other occasions.

28.     On October 6, 2009, when attempting to panhandle on the grounds of the Daley Plaza, Plaintiff was escorted off the grounds by security personnel working in the plaza.

29.     On September 23, 2009, Plaintiff, while panhandling on the plaza, was told by security personnel, "You can't beg at all [on Daley Plaza]. It is illegal."


**Municipal Liability: Public Building Commission Of Chicago**

30.     The Public Building Commission, through its agents MB Real Estate Services LLC, and Securitas Security Services USA Inc., uniformly prohibits peaceful panhandling and removes all individuals who panhandle on Daley Plaza.

31.     The agents of the Public Building Commission, including MB Real Estate Services LLC, which is the property manager of Daley Plaza and oversees and controls security operations there, and Securitas Security Services USA Inc., which provides security personnel for the Plaza, uniformly prohibit and, if necessary, remove all individuals who panhandle in the Plaza, thus assuming the character of state actors. The Public Building Commission has delegated to MB Real Estate Services and Securitas Security Services USA Inc. authority to regulate the activities of citizens in the public forum of Daley Plaza.

32.     The uniformity of this practice indicates either (1) that the absolute prohibition on all peaceful panhandling activity in Daley Plaza is a policy and/or practice of the Public Building Commission and its agents; or (2) that the Public Building Commission and its agents have failed to adequately train their security officers to protect the legal rights of panhandlers.  By routinely interfering with Plaintiff's peaceful panhandling activity on Daley Plaza, agents of the Public Building Commission have indicated that they are following a municipal policy.

**Municipal Liability: Cook County Sheriff Tom Dart**

33.     As Sheriff of Cook County, Defendant Dart is the final policymaker for the County and Sheriff's department.

34.     Because of ths lawsuit, filed September 29, 2010, Defendant Dart has actual notice of the fact that Sheriff's Deputies are removing peaceful panhandlers from Daley Plaza and are enforcing a "no-panhandling" policy in Daley Plaza.

35.     There is an obvious need for the county to implement policies and training regarding the legal rights of panhandlers in Daley Plaza.

36.     According to the County's designated 30(b)(6) witness regarding the County and Sheriff's policies about panhandling and First Amendment rights, Commander Kevin Connelly, Dart has failed to implement any policies rearding the legal right to peacefully panhandle in Daley Plaza.

37.     The uniformity of the practice by personnel and/or agents of the Sheriff's Department of removing peaceful panhandlers from Daley Plaza indicates either (1) that the absolute prohibition on all peaceful panhandling activity in Daley Plaza is a policy and/or practice of the Cook County Sheriff's Department; and/or (2) that the Cook County Sheriff's Department has failed to adequately train its police officers to protect the legal rights of

panhandlers. By routinely interfering with Plaintiff's peaceful panhandling activity on Daley Plaza, the Cook County Sheriff personnel have indicated that they are following Department policy.

38.     As a direct and proximate result of Dart's failure to implement any policies regarding the legal rights of panhandlers and failure to train officers regarding the legal rights of panhandlers Plaintiff's constitutional rights have been violated by Sheriff's Deputies who interfere with Plaintiff's peaceful panhandling activity on Daley Plaza.

## COUNT I
## 42 U.S.C. § 1983: FIRST AMENDMENT OF THE U.S. CONSTITUTION
## FACIALLY AND AS-APPLIED:
### (For Declaratory, Injunctive and Monetary Relief Against
### Defendant Public Building Commission of Chicago, Securitas Security
### Services USA Inc. and MB Real Estate LLC)

Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

39.     Daley Plaza is a traditional public forum.

40.     Plaintiff's panhandling activities are expressions of free speech protected by the First Amendment to the United States Constitution and applied to the States through the Fourteenth Amendment.

41.     Defendant Public Building Commission's blanket prohibition on peaceful panhandling in Daley Plaza violates Plaintiff's First Amendment rights.

42.     The blanket prohibition of peaceful panhandling in Daley Plaza is an unreasonable time, place, and manner restriction.

43.     As a direct and proximate result of the Defendant Public Building Commission's policy and practice, Plaintiff Pindak is in fear of arrest and deterred from exercising his Constitutionally protected free speech rights.

44.     As a direct and proximate consequence of the Public Building Commission's policy and practice, Plaintiff Pindak has suffered monetary damages in the form of loss of income, as well as suffered emotional trauma, physical discomfort, anguish, humiliation and insult.

45.     Plaintiff has suffered irreparable injury by Defendant Public Building
Commission's actions and will continue to suffer irreparable injury in the absence of injunctive
relief.

46.     Plaintiff lacks any adequate remedy at law.

47.     The balance of harms weighs in favor of Plaintiff, and against Defendants, as the
issuance of injunctive relief will not adversely affect the public interest.

**WHEREFORE**, Plaintiff requests that this Court:

A)     Enter a declaration that the Defendants' policy and practice of prohibiting
all panhandling activity on Daley Plaza violates the First Amendment to
the United States Constitution;

B)     Enter a preliminary and then a permanent injunction barring Defendants
and their agents, servants, employees and attorneys from absolutely
restricting panhandling activity on Daley Plaza;

C)     Enter judgment on behalf of Plaintiff and against Defendants for monetary
damages to be determined at trial;

D)     Enter judgment for reasonable attorney's fees and costs incurred in
bringing this action; and

E)     Grant Plaintiff any and all other relief as law and justice demand.


**COUNT II**
**42 U.S.C. § 1983: FIRST AMENDMENT OF THE**
**U.S. CONSTITUTION FACIALLY AND AS-APPLIED:**
**(For Monetary Relief Against Defendants Antonio Kelly and Deron Truman)**

Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as if fully set
forth herein.

48.     As a direct and proximate result of the actions of Defendants John Does I and II
described above, Plaintiff Pindak has suffered monetary damages in the form of loss of income,
as well as emotional trauma, physical discomfort, anguish, humiliation and insult.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and
against Defendants and award the following relief:

A)     Award Plaintiff compensatory and punitive damages as determined at
trial;

B)     Enter judgment for reasonable attorney's fees and costs incurred in
bringing this action; and

C)     Grant Plaintiff any and all other relief as law and justice demand.

**COUNT III**
**42 U.S.C. § 1983: FIRST AMENDMENT OF THE**
**U.S. CONSTITUTION FACIALLY AND AS-APPLIED:**
**(For Declaratory, Injunctive and Monetary Relief Against**
**Defendants Tom Dart and Cook County)**

Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

49.     Daley Plaza is a traditional public forum.

50.     Plaintiff's panhandling activities are expressions of free speech protected by the First Amendment to the United States Constitution and applied to the States through the Fourteenth Amendment.

51.     Defendant Tom Dart's blanket prohibition on peaceful panhandling in Daley Plaza violates Plaintiff's First Amendment rights.

52.     Defendant Tom Dart's failure to implement policies and train officers regarding the legal rights of panhandlers has resulted in the repeated violation of Plaintiff's First Amendment rights.

53.     The blanket prohibition of peaceful panhandling in Daley Plaza is an unreasonable time, place, and manner restriction.

54.     As a direct and proximate result of Defendant Dart's policy and practice, Plaintiff Pindak is in fear of arrest and deterred from exercising his Constitutionally protected free speech rights.

55.     As a direct and proximate consequence Dart's policy and practice, Plaintiff Pindak has suffered monetary damages in the form of loss of income, as well as suffered emotional trauma, physical discomfort, anguish, humiliation and insult.

56.     Plaintiff has suffered irreparable injury by Defendant Dart's actions and will continue to suffer irreparable injury in the absence of injunctive relief.

57.     Plaintiff lacks any adequate remedy at law.

58.     The balance of harms weighs in favor of Plaintiff, and against Defendants, as the issuance of injunctive relief will not adversely affect the public interest.

**WHEREFORE**, Plaintiff requests that this Court:

A)      Enter a declaration that the Defendants' policy and practice of prohibiting all panhandling activity on Daley Plaza violates the First Amendment to the United States Constitution;

B)      Enter a preliminary and then a permanent injunction barring Defendants and their agents, servants, employees and attorneys from absolutely restricting panhandling activity on Daley Plaza;

C)      Enter judgment on behalf of Plaintiff and against Defendants for monetary damages to be determined at trial;

D)      Enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

E)      Grant Plaintiff any and all other relief as law and justice demand.

**COUNT IV**
**42 U.S.C. § 1983: FIRST AMENDMENT OF THE**
**U.S. CONSTITUTION: FACIALLY AND AS-APPLIED**
**(For Monetary Relief Against Defendants Jim Does I and II)**

Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

59.     As a direct and proximate result of the actions of Defendants Jim Does I and II described above, Plaintiff Pindak has suffered monetary damages in the form of loss of income, as well as emotional trauma, physical discomfort, anguish, humiliation and insult.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendants and award the following relief:

A)      Award Plaintiff compensatory and punitive damages as determined at trial;

B)      Enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

C)      Grant Plaintiff any and all other relief as law and justice demand.

**COUNT V**
**(*Respondeat Superior,* Securitas Security Services USA, Inc.)**

60.    The acts of Antonio Kelly and Deron Truman described above were taken in the course and scope of their employment as security officers in Daley Plaza.

61.    Defendant Securitas Security Services USA Inc. is the employers and principal of Antonio Kelly and Deron Truman.

62.    Defendant Securitas Security Services USA Inc. is liable for the actions of John Antonio Kelly and Deron Truman described above pursuant to the doctrine of *respondeat superior*.

Respectfully submitted,

/s/ Mark G. Weinberg
*Counsel for Plaintiff*

Mark G. Weinberg
3612 N. Tripp Ave
Chicago, IL 60641
(773) 283-3913

Adele D. Nicholas
4510 N. Paulina Street, 3E
Chicago, Illinois 60640
(847) 361-3869