**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KIM PINDAK, SAM PHILLIPS, and NORMAN TALLEY, | **)** |
| | **)** |
| Plaintiffs, | **)** |
| | **)** Case No. 10 C 6237 |
| v. | **)** |
| | **)** Judge Pallmeyer |
| COOK COUNTY, COOK COUNTY SHERIFF THOMAS J. DART, SECURITAS SECURITY SERVICES USA, INC., an Illinois corporation, Securitas Guards DERON TRUMAN and ANTONIO KELLY, and Sheriff's Deputies LAVERNE NANCE and DALIBOR JEVTIC, | **)** Magistrate Judge Kim |
| | **)** |
| | **)** *Jury Demand* |
| | **)** |
| | **)** |
| | **)** |
| Defendants. | **)** |
| | **)** |

**SIXTH AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS,**
**DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND MONETARY DAMAGES**

Plaintiffs KIM PINDAK, SAM PHILLIPS and NORMAN TALLEY, by their undersigned attorneys, pursuant to 42 U.S.C. § 1983, complain against Defendants Cook County, Sheriff Thomas J. Dart, Securitas Security Services USA, Inc., Antonio Kelly, Deron Truman, Dalibor Jevtic, and Laverne Nance as follows:

**NATURE OF THE CASE**

1.      This case involves Defendants' unlawful intrusion and interference upon panhandlers' constitutionally protected right to lawfully panhandle on public property in the City of Chicago and Cook County.

2.      At all times relevant, Defendants have promulgated and enforced constitutionally infirm policies and/or practices that result in the unlawful interference with individuals' First Amendment right to panhandle on Daley Plaza located in Chicago's Loop.

3.      Plaintiffs seek a declaratory judgment that Defendants' constitutionally infirm policies and/or practices violate Plaintiffs' First Amendment rights. Plaintiffs also seek injunctive relief to prohibit Defendants from enforcing such policies and/or practices in the

future. And Plaintiffs seek monetary damages for Defendants' violation of Plaintiffs' First Amendment rights.

## THE PARTIES

4.      Plaintiffs Kim Pindak, Sam Phillips and Norman Talley are male residents of the Northern District of Illinois and residents of the City of Chicago, County of Cook, State of Illinois. All Plaintiffs regularly panhandle for money on the public way as a way to help feed themselves and seek to exercise their right to panhandle on Daley Plaza.

5.      Defendant Securitas Security Services USA, Inc. (Securitas), is an Illinois corporation with its principal place of business in Chicago, Illinois. Securitas provides security services in Daley Plaza pursuant to a contract with MB Real Estate Services LLC (MBRE) and the Public Building Commission of the City of Chicago (PBC). The PBC has delegated to Securitas responsibility for regulating the activities of citizens in Daley Plaza, which is a traditional public forum.

6.      Defendant Thomas J. Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity. Plaintiffs join Cook County pursuant to Carver v. Sheriff of LaSalle County, 324 F. 3d 947 (7th Cir. 2003).

7.      Defendants Antonio Kelly and Deron Truman are security officers employed by Securitas. At all times relevant to this complaint, Antonio Kelly and Deron Truman were acting under color of state law, ordinance or regulation and within the course and scope of their employment as security officers in Daley Plaza. Antonio Kelly and Deron Truman are sued in their individual capacities.

8.      Defendants Laverne Nance and Dalibor Jevtic are Sheriff's Deputies employed by Cook County Sheriff Thomas Dart. At all times relevant to this complaint Nance and Jevtic were acting under color of state law, ordinance or regulation and within the course and scope of their employment as Sheriff's Deputies. Dalibor and Jevtic are sued in their individual capacities.

## JURISDICTION AND VENUE

9.      This is a civil action arising under 42 U.S.C. § 1983. This Court has jurisdiction pursuant to 28 U.S.C. §1343 and 28 U.S.C. §1367.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as all of the events giving rise to the claims asserted herein occurred in Cook County, Illinois.

## FACTUAL ALLEGATIONS

**Kim Pindak**

11.     Plaintiff Pindak is a 60-year-old man who panhandles at various locations and at various times on the public ways in Chicago, including at Daley Plaza. When panhandling, he stands with a cup in his hand and asks pedestrians, "Can you spare some change?"  When pedestrians place money into his cup, he always says, "Thank you." He is not aggressive in any manner.

12.     Pindak receives public assistance in an amount that pays for his monthly room and board at Bryn Mahr Care Nursing Facility.  This amount goes directly to Bryn Mahr Care; Pindak never sees any of this money.  In addition, Pindak receives $30.00 a month in public assistance, which he directly receives himself. This $30.00 pays for all his other expenses in the course of a month. Pindak has no other income and no savings.  Pindak panhandles to supplement this $30.00 per month.

13.     Over the course of the past several years, Pindak has routinely been ordered by sheriff's deputies and Securitas security personnel off the grounds of Daley Plaza for the act of panhandling.

14.     On May 7, 2012, around 10:30 a.m., Pindak was lawfully panhandling in Daley Plaza.

15.     Defendant Laverne Nance approached Plaintiff and told him that he could not panhandle in the Plaza and that he is "banned" from Daley Plaza.

16.     Plaintiff stopped panhandling and left the area.

17.     Later that day, Plaintiff returned to Daley Plaza and approached Defendant Dalibor Jevtic, the Sheriff's Deputy stationed in a booth at the Plaza.

18.     Plaintiff asked Jevtic if panhandling was allowed on the Plaza.

19.     Jevtic responded that no one is permitted to panhandle anywhere on the Plaza.

20.     Plaintiff asked Jevtic who his boss was and the deputy replied, "Tom Dart."

21.     On Friday, September 24, 2010, Pindak was lawfully panhandling in Daley Plaza.

22.     Defendants Antonio Kelly and Deron Truman, who are employed as security personnel by Defendant Securitas told Pindak that there was absolutely no panhandling

anywhere on the public property outside the Daley Center in Daley Plaza and told Pindak to leave the premises.

23.    In particular, Antonio Kelly told Pindak that there was no panhandling on the Daley Plaza "this year, the following year, and the year after that," that if he didn't get off the premises he was "going to put handcuffs on [him]."

24.    When Plaintiff asked where he was allowed to panhandle on the plaza, Deron Truman told Plaintiff "there [was] no soliciting on the plaza" and that he had to go "outside the plaza" to the street corner to panhandle.

25.    The same no-panhandling policy on Daley Plaza was enforced against Plaintiff on numerous other occasions.

26.    On October 6, 2009, when attempting to panhandle on the grounds of the Daley Plaza, Plaintiff was escorted off the grounds by security personnel working in the plaza.

27.    On September 23, 2009, Plaintiff, while panhandling on the plaza, was told by security personnel, "You can't beg at all [on Daley Plaza].  It is illegal."

**Sam Phillips**

28.    Plaintiff Sam Phillips is a 54-year-old man who peacefully panhandles at least five days a week at various locations in downtown Chicago to help support himself. He typically panhandles carrying a sign that says, "I'm Just Hungry."

29.    During summer 2012, Phillips was told between 10 and 20 times by security personnel and sheriff's deputies working in Daley Plaza, including Defendant Nance, that he cannot beg on Daley Plaza. Security personnel and sheriff's deputies threatened to "lock [him] up" for panhandling on the Plaza.

30.    Phillips does not attempt to exercise his right to panhandle on the Plaza because he fears arrest.

**Norman Talley**

31.    Plaintiff Norman Talley is a 61-year-old man who panhandles at least five days a week at various locations in downtown Chicago to help support himself, most often on the public sidewalks on State Street between Randolph and Washington between 8:00 a.m. and 4:00 p.m.

32.    Talley currently resides at a transitional shelter located at 941 West Lawrence Avenue, Chicago, Illinois 60640.

33.     During summer 2012, Talley was standing stationary in Daley Plaza asking people for change when Defendant Antonio Kelly approached him and told him that he could not panhandle there and that if he did he "would be arrested."

34.     Kelly told Phillips, "You can panhandle over there," pointing to the east side of Dearborn towards Block 37, and also directing him to the public sidewalk on the north side of Randolph Street.

35.     After Kelly told Phillips this, he immediately stopped panhandling in the Plaza, and has not attempted to do so there ever again, for fear he would be arrested.

**Municipal Liability: Securitas Security Services USA Inc.**

36.     The PBC is a municipal corporation which owns the Richard J. Daley Center. The PBC, through its property management agent MBRE, has delegated by contract to Securitas the authority to act as a security force in Daley Plaza, which is a public forum.

37.      The relevant Security Services Contract was originally entered into between Security Management and Investigations Inc. (SMI) and the PBC through MBRE and was in effect from January 15, 2010 through January 31, 2013. On October 29, 2010, Securitas acquired SMI and, pursuant to an October 25, 2011, addendum to the contract, took over all of SMI's security duties under the contract. On information and belief, all of the terms of this contract have been extended through the present.

38.     The contract delegates to Securitas authority to regulate the activities of citizens in the public forum of Daley Plaza, and in assuming this authority, Securitas personnel take on the character of state actors.

39.     Securitas security personnel routinely and consistently interfere with individuals' right to panhandle on Daley Plaza by threatening to arrest or handcuff them, demanding that they leave the Plaza, removing them from the Plaza, and/or telling them that their activities are illegal.

40.     According to the deposition testimony of Defendant Deron Truman, who has been a security guard at Daley Plaza for seven years, he has been instructed by his supervisors that no panhandling is permitted on the Plaza.

41.     Securitas' unconstitutional practice of interfering with panhandlers' First Amendment rights is the result of one or more of the following: (1) a blanket prohibition on all panhandling activity on Daley Plaza; (2) an unconstitutionally vague policy that vests undue and unfettered discretion in individual security personnel to restrict constitutionally protected speech;

and (3) their failure to train their security personnel or give such personnel any proper instruction regarding the rights of citizens to engage in protected speech (such as panhandling) or expressive activities (such as leafletting or demonstrations) in a public forum.

42. Because Securitas personnel routinely interfere with Plaintiffs' First Amendment rights as a result of one or all of the above-described policies and/or practices, Securitas is subject to *Monell* liability.

**Municipal Liability: Cook County Sheriff Tom Dart**

42. As Sheriff of Cook County, Defendant Dart is the final policymaker for the County and Sheriff's department.

43. Because of ths lawsuit, filed September 29, 2010, Defendant Dart has actual notice of the fact that Sheriff's Deputies are removing panhandlers from Daley Plaza and are enforcing a "no-panhandling" policy in Daley Plaza.

44. There is an obvious need for the county to implement policies and training regarding the legal rights of panhandlers in Daley Plaza.

45. According to the County's designated 30(b)(6) witness regarding the County and Sheriff's policies about panhandling and First Amendment rights, Commander Kevin Connelly, Dart has failed to implement any policies rearding the legal right to panhandle in Daley Plaza.

46. The uniformity of the practice by personnel and/or agents of the Sheriff's Department of removing panhandlers from Daley Plaza indicates either (1) that the absolute prohibition on all lawful panhandling activity in Daley Plaza is a policy and/or practice of the Cook County Sheriff's Department; and/or (2) that the Cook County Sheriff's Department has failed to adequately train its police officers to protect the legal rights of panhandlers. By routinely interfering with Plaintiffs' lawful panhandling activity on Daley Plaza, the Cook County Sheriff's personnel have indicated that they are following Department policy.

47. As a direct and proximate result of Dart's failure to implement any policies regarding the legal rights of panhandlers on Daley Plaza and/or train deputies regarding the legal rights of panhandlers, sheriff's deputies routinely interfere with Plaintiffs' First Amendment rights.

**COUNT I**
**42 U.S.C. § 1983: FIRST AMENDMENT OF THE U.S. CONSTITUTION**
**FACIALLY AND AS-APPLIED:**
**(For Declaratory, Injunctive and Monetary Relief Against**
**Defendant Securitas Security Services USA Inc.)**

Plaintiffs reallege and incorporate by reference paragraphs 1 through 47 as if fully set forth herein.

48.     Daley Plaza is a traditional public forum.

49.     Plaintiffs' panhandling activities are expressions of free speech protected by the First Amendment to the United States Constitution and applied to the States through the Fourteenth Amendment.

50.     As a direct and proximate result of Defendant Securitas' policies and practices, Plaintiffs' rights have been interfered with, and they are in fear of arrest and deterred from exercising their Constitutionally protected free speech rights.

51.     As a direct and proximate consequence of the Securitas' policy and practice, Plaintiffs have suffered monetary damages in the form of loss of income, as well as suffered emotional trauma, physical discomfort, anguish, humiliation and insult.

52.     Plaintiffs have suffered irreparable injury by Defendant Securitas' actions and will continue to suffer irreparable injury in the absence of injunctive relief.

53.     Plaintiffs lack any adequate remedy at law.

54.     The balance of harms weighs in favor of Plaintiffs, and against Defendant Securitas, as the issuance of injunctive relief will not adversely affect the public interest.

**WHEREFORE**, Plaintiffs request that this Court:

A)     Enter a declaration that the Defendant's policies and practices are constitutionally inadequate and violate the First Amendment to the United States Constitution;

B)     Enter a preliminary and then a permanent injunction barring Defendant Securitas and its agents, servants, employees and attorneys from interfering with lawful panhandling activity on Daley Plaza;

C)     Enter judgment on behalf of Plaintiffs and against Defendant Securitas for monetary damages to be determined at trial;

D)     Enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

E)     Grant Plaintiffs any and all other relief as law and justice demand.

**COUNT II**
**42 U.S.C. § 1983: FIRST AMENDMENT OF THE**
**U.S. CONSTITUTION FACIALLY AND AS-APPLIED:**
**(For Monetary Relief Against Defendants Antonio Kelly and Deron Truman)**

Plaintiffs reallege and incorporate by reference paragraphs 1 through 47 as if fully set forth herein.

55.     As a direct and proximate result of the actions of Defendants Kelly and Truman described above, Plaintiffs have suffered monetary damages in the form of loss of income, as well as emotional trauma, physical discomfort, anguish, humiliation and insult.

**WHEREFORE**, Plaintiffs request that this Court enter judgment in favor of Plaintiffs and against Defendants Truman and Kelly and award the following relief:

A)     Award Plaintiffs compensatory and punitive damages as determined at trial;

B)     Enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

C)     Grant Plaintiffs any and all other relief as law and justice demand.

**COUNT III**
**42 U.S.C. § 1983: FIRST AMENDMENT OF THE**
**U.S. CONSTITUTION FACIALLY AND AS-APPLIED:**
**(For Declaratory, Injunctive and Monetary Relief Against**
**Defendants Tom Dart and Cook County)**

Plaintiffs reallege and incorporate by reference paragraphs 1 through 47 as if fully set forth herein.

56.     Daley Plaza is a traditional public forum.

57.     Plaintiffs' panhandling activities are expressions of free speech protected by the First Amendment to the United States Constitution and applied to the States through the Fourteenth Amendment.

58.     Defendant Tom Dart's policies and/or practices of interfering with lawful panhandling in Daley Plaza violate Plaintiffs' First Amendment rights.

59.     As a result of Defendant Tom Dart's failure to implement policies and train deputies regarding the legal rights of panhandlers, Plaintiffs' rights have been interfered with,

and they are in fear of arrest and deterred from exercising their Constitutionally protected free speech rights.

60.     As a direct and proximate consequence of Dart's policy and practice, Plaintiffs have suffered monetary damages in the form of loss of income, as well as suffered emotional trauma, physical discomfort, anguish, humiliation and insult.

61.     Plaintiffs have suffered irreparable injury by Defendant Dart's actions and will continue to suffer irreparable injury in the absence of injunctive relief.

62.     Plaintiffs lack any adequate remedy at law.

63.     The balance of harms weighs in favor of Plaintiffs, and against Defendants, as the issuance of injunctive relief will not adversely affect the public interest.

**WHEREFORE**, Plaintiffs request that this Court:

A)     Enter a declaration that the Defendants' policies and practices are constitutionally inadequate and violate the First Amendment to the United States Constitution;

B)     Enter a preliminary and then a permanent injunction barring Defendants Dart and Cook County and their agents, servants, employees and attorneys from interfering with lawful panhandling activity on Daley Plaza;

C)     Enter judgment on behalf of Plaintiffs and against Defendants Dart and Cook County for monetary damages to be determined at trial;

D)     Enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

E)     Grant Plaintiffs any and all other relief as law and justice demand.

**COUNT IV**
**42 U.S.C. § 1983: FIRST AMENDMENT OF THE**
**U.S. CONSTITUTION: FACIALLY AND AS-APPLIED**
**(For Monetary Relief Against Defendants Nance and Jevtic)**

Plaintiffs realleges and incorporate by reference paragraphs 1 through 47 as if fully set forth herein.

64.     As a direct and proximate result of the actions of Defendants Nance and Jevtic described above, Plaintiffs have suffered monetary damages in the form of loss of income, as well as emotional trauma, physical discomfort, anguish, humiliation and insult.

**WHEREFORE**, Plaintiffs request that this Court enter judgment in favor of Plaintiff and against Defendants and award the following relief:

A) Award Plaintiffs compensatory and punitive damages as determined at trial;

B) Enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

C) Grant Plaintiffs any and all other relief as law and justice demand.

Respectfully submitted,

/s/ Mark G. Weinberg
*Counsel for Plaintiff*

Mark G. Weinberg
3612 N. Tripp Ave
Chicago, IL 60641
(773) 283-3913

Adele D. Nicholas
4510 N. Paulina Street, 3E
Chicago, Illinois 60640
(847) 361-3869