IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIM PINDAK et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 10 C 6237 |
| | ) | |
| v. | ) | Judge Pallmeyer |
| | ) | Magistrate Judge Kim |
| COOK COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT SECURITAS'
MOTIONS TO DISMISS PLAINTIFFS' SEVENTH AMENDED COMPLAINT**

Plaintiffs, through counsel, respectfully move this Honorable Court to deny the three motions to dismiss filed by the Securitas Defendants. As discussed below, most of the arguments advanced in these motions simply show that Defendants disagree with Plaintiffs' understanding of the evidence. Such arguments are not properly raised in a motion to dismiss, but rather should be dealt with in the parties' amended summary judgment motions, which are due on December 31, 2014.

**I.      The Seventh Amended Complaint**

Plaintiffs sought leave to file the Seventh Amended Complaint to add a legal claim for *respondeat superior* against Securitas based on *Shields v. Illinois Department of Corrections,* 746 F.3d 782 (7th Cir. 2014), in which the Seventh Circuit expressed doubt that the prohibition on *respondeat superior* liability against government entities should be extended to private companies (such as Securitas) sued under §1983.

Although the Seventh Amended Complaint is new, the factual allegations contained therein are not. Discovery has been complete in this case for months. All of the parties' evidence is on the table and there are no surprises about what Plaintiffs have alleged in this amended

complaint. Plaintiffs have not added new parties, new incidents, or any new factual material.

## II.   The Motions to Dismiss

In response to the Seventh Amended Complaint, Securitas has filed three separate motions to dismiss—one on behalf of Securitas (Dkt. 250), one on behalf of Defendant Deron Truman (Dkt. 248) and one on behalf of Defendant Antonio Kelly (Dkt. 245). Plaintiffs address each in turn.

### A.   The Individual Defendants' Motion to Dismiss

Truman argues that Plaintiff Phillips and Talley's claims against Truman should be dismissed because there is insufficient evidence that Truman interfered with their First Amendment Rights. Dkt. 248, p. 3 ("Phillips has been unable to provide any specific testimony with respect to dates, times or individuals involved in any conduct that he alleges to have infringed upon his First Amendment rights.") Likewise, Defendant Kelly argues for dismissal of Plaintiff Phillips' claims against him by attacking Phillips' testimony. See, Dkt. 245, p. 3 ("Phillips has been unable to provide any specific testimony with respect to dates, times or individuals involved in any conduct that he alleges to have infringed upon his rights.")

Unsurprisingly, Plaintiffs strongly dispute Defendants' characterization of the Plaintiffs' deposition testimony. But the disputes needn't be outlined in detail here, because a 12(b)(6) motion to dismiss tests only the sufficiency of the allegations of the complaint—not the strength of the evidence supporting those allegations. *Reynolds v. CB Sports Bar, Inc.*, 623 F. 3d 1143, 1146 (7th Cir. 2010). A motion to dismiss cannot be used to resolve the parties' disputes about the facts. *Id*. If Securitas disputes that there is evidence supporting Plaintiff Talley and Phillips' allegations that Truman and Kelly interfered with their rights, the proper place to make such arguments is in a summary judgment motion, where the Court can fully evaluate the parties'

deposition testimony and other evidence.

### B. Securitas' Motion to Dismiss

Securitas makes four arguments in its motion to dismiss: (1) that the law does not recognize *respondeat superior* claims against private entities sued under §1983; (2) that certain allegations in Plaintiffs' complaint should be "stricken" because they occurred outside of the relevant statute of limitations; (3) that Securitas isn't liable under *Monell* because it lacks sufficient "policymaking" authority; and (4) Plaintiff's have failed to join the "necessary parties" of the Public Building Commission and MB Real Estate. As set forth below, none of these arguments provides a basis for dismissal of the complaint.

#### 1. This Court Has Already Ruled that It Will Entertain Plaintiffs' *Respondeat Superior* Claim

As it did in opposition to Plaintiffs' motion for leave to filed the Seventh Amended Complaint, Securitas continues here to urge the court to ignore the existence of *Shields v. Illinois Department of Corrections,* 746 F.3d 782 (7th Cir. 2014) and find that there is no legally cognizable claim for *respondeat superior* against private contractors sued under §1983. (See Dkt. 250, p. 5-6.)

As explained in detail in Plaintiffs' motion for leave to file the Seventh Amended Complaint and in Plaintiffs' motion for summary judgment (Dkt. 217), *Shields* is the only Seventh Circuit case to offer a detailed analysis of the policy underpinning *Monell*'s extension to private contractors, and it rejects the cursory analogic reasoning of *Iskander* and other cases holding that private entities sued under §1983 are shielded from *respondeat* liability. See *Shields*, at 790 ("A close look at the reasoning of *Monell* provides no persuasive reason to extend its holding to private corporations.")

By granting Plaintiffs' motion for leave to file the Seventh Amended Complaint, this

Court has already ruled that Plaintiff may assert a claim for *respondeat superior* against Securitas. Securitas advances no new arguments here, and the Court's decision should not be disturbed.[1]

### 2. Plaintiffs' Allegations About 2009 Incidents Are Appropriate

Securitas next claims—as it has in several previous briefs—that paragraphs 25 and 26 of the Seventh Amended Complaint should be "stricken" because they concern incidents that occurred in 2009.

Plaintiffs acknowledge that the Complaint identifies two 2009 incidents involving Securitas guards interfering with Plaintiffs' right to panhandle and that these incidents are outside of the statute of limitations. See Seventh Amended Complaint ¶¶25-26. Securitas' attorney knows full well that the alleged 2009 incidents are not being offered, and never have been offered, for purposes of obtaining an additional damages award, but only to show a pattern and practice of interfering with the legal rights of individuals who panhandle. Even if Plaintiffs cannot recover damages for discrete acts outside the limitations period, those earlier acts are relevant to prove that Securitas' policy of prohibiting panhandling on Daley Plaza existed both before and during the limitations period and harmed Plaintiffs. See, e.g., *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988); see also *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101,105 (2002) (stating same rule with regard to analogous "pattern or practice" and hostile

---

[1] Securitas claims in its motion to dismiss (without citation to any authority) that: "There is no question that the U.S. Supreme Court has decided that the doctrine of *respondeat superior* is not applicable in causes of action brought pursuant to 42 USC §1983 against either municipal corporations, or private corporations." Quite to the contrary, there is no controlling U.S. Supreme Court authority on point. And as the Seventh Circuit observed in *Shields*, existing Supreme Court law seems to favor applying *respondeat* liability to private contractors. *Shields* at 790, citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) ("In a case involving a private company, the Supreme Court took for granted that the corporate defendant would be liable under §1983 for a constitutional tort committed by its employee.")

work environment claims).

In any event, the presence of these 2009 allegations in the complaint provides no basis for dismissal under Rule 12(b)(6). Rather, Securitas' concerns about an inappropriate damages award would be best dealt with by giving the jury a proper limiting instruction about the purposes for which they can consider evidence of these incidents.

### 3. Securitas' Arguments About Its Policymaking Authority Are an Inappropriate Basis to Seek Dismissal of the Complaint

Repeating arguments made in its brief opposing Plaintiffs' motion for leave to file the Seventh Amended Complaint and its previously filed motion for summary judgment, Securitas argues that it is not liable under *Monell* because it does not author the Post Orders setting forth guards' duties on Daley Plaza and that there is an insufficient number of incidents of interference with Plaintiffs' rights to establish a policy within the meaning of *Monell*.

What Securitas' motion to dismiss establishes is that Securitas' counsel disagrees with Plaintiffs' understanding of the facts, the evidence and the conclusions to be drawn from the facts and evidence. But a motion to dismiss is not the time or place to resolve factual disputes. The issue of whether Securitas is a "policymaker" is a legal determination, dependent on the facts established at summary judgment or trial. *McGee v. Bauer*, 956 F. 2d 730, 733 (7th Cir. 1992).

In this case, there is a very extensive factual record bearing on the question of whether Securitas ought to be considered a policymaker under the law. This inquiry necessarily involves an analysis of evidence far outside of the four corners of the complaint (including, among many other things, various terms of Securitas' contracts with PBC and MBRE; the language of the Post Orders; Securitas Security Director Tee Coleman's testimony about his authority to interpret the Post Orders; and the guards' testimony about their duties and the discretion they exercise).

5

Plaintiffs discussed the relevant facts and the application of the law to these facts at length in their motion for summary judgment. (See Dkt. 217, p. 34–43.) Again, this is an issue that should be resolved on summary judgment with the benefit of a complete record.

### (4) Securitas Is the Appropriate Defendant and Its Argument that Plaintiff Must Join MBRE or the PBC Lacks Merit

Finally, Securitas advances the idea that it is the "wrong party" in this lawsuit and the Plaintiffs must name PBC and MBRE as defendants. This position is meritless for numerous reasons, including:

(a) There is no legal basis to argue that only the primary author of an unconstitutional policy can be held liable when other parties implement the policy in a manner that violates Plaintiffs' rights. Rather, courts have repeatedly held that liability is "joint and several" under §1983, meaning that Plaintiffs may seek all of the damages they suffered from any responsible party. See, *McKinnon v. City of Berwyn*, 750 F. 2d 1383, 1387 (7th Cir. 1984);

(b) Securitas had every opportunity to implead another Defendant under F.R.C.P. 14(a) if it truly believes that that someone else is liable in this matter;

(c) Securitas is contractually bound to indemnify MBRE and PBC, the very parties whom it claims should be liable here (See, Dkt. 217, p. 21) (requiring Securitas to indemnify MBRE and PBC from "any and all liabilities, obligations, claims, demands, causes of action, losses, expenses, damages, fines, judgments, settlements and penalties, including ... any violation of any laws or any negligence"); and

(d) The evidence in this case belies Securitas' claims about its lack of involvement in determining the contents of the Post Orders.

For the reasons stated above, Securitas' three motions to dismiss should all be rejected. At this stage in the case, the arguments raised in these motions should be resolved on motions for summary judgment with the benefit of the full record before the Court.

                                                Respectfully submitted,

                                                /s/ Adele D. Nicholas
                                                *Counsel for Plaintiff*

Adele D. Nicholas
4510 N. Paulina Street, 3E
Chicago, Illinois 60640
(847) 361-3869


Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, IL 60641
(773) 283-3913