IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kim Pindak, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>County of Cook, *et al.*,<br><br>Defendants. | 10 C 6237<br><br>Honorable Rebecca R. Pallmeyer |

**THE COUNTY DEFENDANTS' RULE 50(a)
CROSS MOTION FOR JUDGMENT AS A MATTER OF LAW AND
RESPONSE TO PLAINTIFFS' RULE 50(a) MOTION FOR JUDGMENT
AS A MATTER OF LAW**

Defendants Sheriff THOMAS J. DART, Sheriff of Cook County, deputy sheriffs Dalibor Jevtic[1] and Laverne Nance and the COUNTY OF COOK (collectively the "County Defendants"), by their attorney, ANITA ALVAREZ, State's Attorney of Cook County, and through her Assistant State's Attorneys, ANTHONY E. ZECCHIN and PATRICK F. RUSSELL and pursuant to FEDERAL RULE OF CIVIL PROCEDURE 50(a), move for judgment as a matter of law submit the following response to the Rule 50(a) motion for judgment as a matter of law that plaintiffs Kim Pindak ("Pindak")

---

[1] This Court has already entered a judgment for liability on behalf of plaintiff Kim Pindak against Deputy Jevtic. *See Pindak v. Dart*, 2015 U.S. Dist. LEXIS 113648, *75 (N.D. Ill. August 27, 2015) (Pallmeyer, J.) In ruling on cross motions for summary judgment, this Court did not rule on the issue of whether Deputy Jevtic was liable for any compensatory damages, as Pindak did not and could not show that he sustained an injury for a violation of his First Amendment rights.

1

and Sam Phillips ("Phillips") (collectively "Plaintiffs") have filed, based upon the evidence submitted in this trial.

In support thereof, the County Defendants state the following:

## INTRODUCTION

Plaintiffs Kim Pindak ("Pindak") and Sam Phillips ("Phillips") (collectively "Plaintiffs") allege that: (1) the Sheriff has a policy or practice prohibiting panhandling on Daley Plaza and (2) the Sheriff failed to train deputy sheriffs on the legal rights of panhandlers and that this failure to train amounted to deliberate indifference to Plaintiffs' First Amendment rights.[2]

It is clear on this record, that the only First Amendment right at issue in this case is free speech. As Plaintiff Pindak admitted in his Motion, it is solely his burden of proof to show (1) Defendant Dart had an obligation to train his officers, (2) Defendant Dart failed to train his officers, and (3) the failure to train his officers resulted in a violation of Plaintiff's Constitutional Rights to panhandle on the Daley Center Plaza. At best, the need for training sheriff's deputies about the First Amendment rights of panhandlers was not an obvious one. As a result, a jury could find for the County Defendants and against Plaintiffs on Plaintiffs' "failure to train" claim against Sheriff Dart. Indeed, a reasonable fact-finder could find for the County Defendants and decline to award compensatory damages to any of the plaintiffs. However, Plaintiff has not brought forth any evidence of Sheriff Dart's obligation to train. Therefore, This Court should deny

---

[2] Plaintiff Norman Talley offered no testimony against the deputy sheriffs and has no claims against them. *Pindak,* 2015 U.S. Dist. LEXIS 113648 at *32 (noting that "Talley [made] allegations against Securitas guards only").

2

Plaintiffs' Rule 50(a) motion for judgment as a matter of law and grant Defendants Rule 50(a) motion for judgment as a matter of law.

**LEGAL STANDARD**

FEDERAL RULE OF CIVIL PROCEDURE 50(a) states:

Judgment as a Matter of Law.

(1) *In General.* If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

(A) resolve the issue against the party; and

(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

(2) *Motion.* A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a). Under Rule 50(a), "the district court must enter judgment if, under the governing law, a reasonable fact-finder could not find for the nonmoving party." *Shields Enterprises, Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992). That is the case here -- based upon the evidence in the record, a reasonable fact-finder cannot not find for Plaintiffs. A reasonable fact finder could only find that Plaintiffs have offered no evidence to show (1) that they suffered any damages and (2) to show that Sheriff Dart was aware prior to receiving a copy of the

3

May 7, 2012 audiotape of an obvious need to train Deputy Jevtic about the First Amendment rights of panhandlers.

## ARGUMENT

Plaintiff's argument is that Sheriff Dart should provide his deputies with First Amendment training. The First Amendment states "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances." Plaintiff has brought no evidence that his religious rights were violated. Plainitff has brought no evidence that that his press rights were violated. Plaintiff has brought no evidence that his rights to peaceably assemble were violated. Plaintiff has brought no evidence that his right to petition the government for a redress of grievances were violated. Therefore the only portion of the First Amendment applicable to the instant matter is Plaintiff's free speech rights as a panhandler. Even so, Plaintiff has failed to meet his burden of establishing that Sheriff Dart had an obligation to provide training on Plaintiff's free speech rights, and therefore this Court should grant Defendants' judgment as a matter of law.

I.  **Neither Plaintiff Has Met Their Burden Of Bringing Evidence To Establish That Sheriff Dart Had An Obligation To Provide Training On The Free Speech Rights Of Panhandlers**

As stated in the Jury Instructions and as a matter of law, the burden of proof in this matter is the Plainitff's Burden. There were eight witnesses called to testify by the parties at this trial (Connelly, Jevtic, Pindak, Phillips, Nance, Truman, Boyd, Coleman). However none of these witnesses gave testimony that demonstrated an obligation on Sheriff Dart's part to provide training to the officers, and thus Plaintiffs failed their burden to show Sheriff should have trained on Free speech. Instead, Plaintiff put the cart before the horse. Plaintiffs worked backwards getting testimony that there was no training, which they equated with inadequate training, in order to circumvent their burden of proof that there was an obligation to train. By inferring an obligation to train from the absence of training, Plaintiff ignores the fact that there is no evidence from any witness to demonstrate an obligation to train on panhandler free speech rights.

The plaintiff bears the burden of showing that the failure to train reflects a conscious choice among alternatives that evinces a deliberate indifference to the rights of the individuals with whom those employees will interact. *Rice v. Corr. Med. Servs. (In re Estate of Rice)*, 675 F.3d 650, 675 (7th Cir. 2012). In the instant matter, Plaintiffs have not met their burden of showing that Sheriff deputies were likely to interact with Plaintiff. Deputy Jevtic's testimony is uncontroverted that he only had one interaction with a panhandler. His testimony is also uncontroverted that after 2007 he was only on the Daley a couple times a year. Similarly, Deputy

Nance's only testimony about an interaction with a panhandler was when Deputy Nance helped Plaintiff Pindak resolve a dispute with another panhandler on the Plaza. Plaintiff's evidence alone is insufficient to demonstrate that Sheriff Dart was deliberately indifferent to the rights of individuals with whom Dart's employees would interact.

In his motion, Plaintiff references Deputy Jevtic trial testimony, but excludes his testimony that he is aware that panhandling is allowed on the Daley Plaza. In fact, when Deputy Jevtic was deposed in November 2013 he indicated that he understood that panhandling was allowed on the Daley Center Plaza. See Deposition of Dalibor Jevtic, pgs 57, 63. While Defendants have not yet ordered the transcript from the trial proceedings, it is Defendants' understanding that Deputy Jevtic also testified at trial that he understood that panhandling was allowed on the Daley Center Plaza. Since Jevtic clearly understands that panhandling is allowed on the Daley Center Plaza, the two questions that are raised are (1) when did Jevtic become aware that panhandling is allowed on the Daley Center Plaza?; and (2) how did Jevtic become aware that panhandling is allowed on the Daley Center Plaza? No matter how these questions are answered, Plaintiff cannot use Jevtic's testimony to prove a failure to train claim. Consider the options. First, Jevtic could have understood that panhandling was allowed on the plaza prior to May 7, 2012. In that case, he was mistaken on that one occasion on May 7, 2012, but Plaintiff has failed to show a recurring situation or a failure to train. If Jevtic understood that

panhandling was allowed after the audio recording of May 7, 2012, again, Plaintiff cannot show a failure to train was obvious.

Another issue regarding training is that Plaintiffs bore the burden of establishing what "training" was for purposes of the instant matter and have failed to provide evidence that establishes what is meant by "training." The testimony on the record is clear that Deputy Jevtic was an instructor at the training academy for Sheriff's Deputies. The concept of "training" to Deputy Jevtic could be much different than the concept of "training" to even another Sheriff's Deputy. On this record, Plaintiff has not conclusively established that Jevtic's conduct was anything beyond an aberration. See *Rice v. Corr. Med. Servs. (In re Estate of Rice)*, 675 F.3d 650, 676 (7th Cir. Ind. 2012)

Beyond the allegations in the Complaint, which were challenged up and until this Court's ruling on the motion to in 2013, there was no evidence to put the Sheriff on notice before the Sheriff was made aware of the audio recording involving Deputy Jevtic. Plaintiff cannot argue with a straight face that Jevtic was never told that panhandling was allowed on the Daley Plaza. At best, Plaintiff can impeach Jevtic and make it a question for a jury. However, Defendants maintain that Plaintiffs have not met their burden regarding a failure to train Jevtic and Defendants are entitled to judgment as a matter of law.

In questioning both Deputy Nance and Deputy Jevtic, Plaintiff made mention of the Chicago Panhandling Ordinance. There is no testimony though that Sheriff

Deputies enforced the panhandling ordinance on the Daley Center Plaza. Instead, Deputy Nance, Deputy Jevtic, and Sergeant Boyd testified that the only city ordinances that the Sheriff's Deputies enforced on the Daley Plaza were related to parking violations. Also the witness testimony is clear that Chicago Police were able to enforce their own ordinances on the Daley Plaza. Therefore the Chicago Pandling Ordinance has no relevance to the instant matter.

There was also testimony elicited from Deputy Nance that he did his own research on the Chicago Panhandling Ordinance. There is at least one glaring issue though, Plaintiff never established when Deputy Nance did his research on the Chicago Panhandling Ordinance. On this record, it cannot be established that Deputy Nance was not properly trained to address the free speech rights of panhandlers on the plaza.

Plaintiff also elicited testimony from Kevin Connelly. Plaintiff fails to mention that Connelly's scope as a 30(b)(6) witness was limited to two issues: (1) Policies of the Cook County Sheriff's Department relating to panhandling, and (2) First Amendment Rights Training. The record has conclusively established that Sheriff Tom Dart had no final policymaking authority for the Daley Center Plaza. As stated in the Defendants' Motions for Summary Judgment, the Public Buildings Commission was the only entity that could make policy regarding the Daley Center Plaza and in fact did so. See "Amended and Restated Regulations and Procedures Governing The Use of the Daley Center Lobby and Plaza." Docket # 256-1.

The testimony from Connelly and Sergeat Boyd is unequivocal that there was no policy on the panhandler's free speech rights. While an absence of training might imply an obligation to train, that is not proof of a failure to train. The 7th Circuit is clear that the standard the Plaintiff has to show is deliberate indifference. *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. Wis. 2007). "Proof of deliberate indifference requires more than "[a] showing of simple or even heightened negligence." Id. (citing *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 407 (1997). Here Plaintiff cannot meet this burden, and therefore this Court should deny Plaintiff's motion for judgment as a matter of law, and grant Defefendants' motion.

**II.     The Evidence Shows That The Need For Training Deputies Sheriffs About The First Amendment Rights Of Panhandlers Was Not An Obvious One Prior To May 7, 2012.**
(Response to Plaintiffs' Rule 50(a) motion at pages 3-11.)

Deputy Jevtic spoke to Pindak on May 7, 2012 and Pindak alleges that his constitutional rights were deprived on that date. No evidence in the record, however, suggests that the Sheriff disregarded an obvious need to train deputy sheriffs about the First Amendment rights of panhandlers. *See Pindak v. Cook County*, 2013 U.S. Dist. LEXIS 41624, *29-*30 (N.D. Ill. March 25, 2013) (Pallmeyer, J.) (recognizing that "municipalities may be liable under Section 1983 for failure to train employees only when they show deliberate indifference that is consciously chosen").

This Court did not deny Sheriff's Dart's motion to dismiss Plaintiffs' failure to train Section 1983 claim until March 25, 2013. (R. 104.) Even then, Plaintiff did

9

not name Deputy Nance or Deputy Jevtic in their lawsuit until Plaintiff's Sixth Amended Complaint filed June 6, 2013. (R. 113.) Beyond this lawsuit, plaintiff Pindak did nothing to draw Sheriff Dart's attention to the issue of deputy sheriffs allegedly infringing the First Amendment rights of panhandlers in Daley Plaza. In this regard:

- Pindak never filed a complaint with OPR;

- Pindak never asked to speak to a supervisor, despite being told the Officer's Supervisor's name on May 7, 2012 and his attorney being present with him;

- Pindak never went to the Sheriff's offices on the Seventh Floor to speak with Sheriff Executive Staff;

- Despite testifying that he was aware that supervisors had different clothing (e.g., sergeants and lieutenants wear white shirts), Pindak never complained to a supervisory staff; and

- Pindak has been seen panhandling on Daley Plaza multiple times after May 7, 2012 and testimony at trial is that continues to panhandle there two or three times a week to the present day.

Pindak admitted at trial that he was not panhandling prior to speaking with Deputy Jevtic on May 7, 2012 and arguably was not engaging in protected First Amendment activity at that time.[3]

---

[3] If judgment is ultimately entered against the County Defendants, Deputy Jevtic will likely appeal the August 27, 2015 order entering judgment against him as to liability. The County Defendants submit that the evidence offered at trial shows that no deprivation of Pindak's First Amendment rights have occurred, as he his panhandling has continued unabated from May 7, 2012 through the present and that the August 27, 2015 order entering judgment against Deputy Jevtic was in error. Granting Plaintiff's Rule 50(a) motion would compound this error.

Deputy Jevtic testified he had no other interactions with Plaintiff or any other panhandlers other than the audio recorded one that occurred on May 7, 2012. Deputy Nance testified that he only had one verbal interaction with a panhandler and it was Pindak. Ironically, Nance intervened to help Pindak during a dispute that Pindak had with a Streetwise Vendor over space to panhandle on Daley Plaza.

Sergeant Boyd testified that in his nine years as a supervising officer at the Daley Center (from 2003 to November 2012), he never received: (1) any OPR complaints regarding panhandlers; (2) any complaints from the public concerning panhandlers and how they were treated (3) any use of force reports from officers concerning incidents with panhandlers; or (4) had any verbal complaints from panhandlers about their rights being violated on the plaza. In addition, Sergeant Boyd testified that he never saw anyone arrested or detained for panhandling in the Daley Plaza, that he was never informed that any deputies were ejecting panhandlers from Daley Plaza and that he was never informed that any private security were ejecting panhandlers from Daley Plaza.

Plaintiffs Pindak and Philips both testified that they routinely go inside the Daley Center to warm up and have never been hassled inside the Daley Center. While there was video of Securitas guards telling Pindak to leave the plaza, there is no video or any hard evidence in the form of reports, audio, video, or otherwise of deputy sheriffs actively escorting Pindak or other panhandlers away from the plaza.

In sum, the record is replete with evidence that prior to May 7, 2012, the need for training deputy sheriffs about the First Amendment free speech rights of panhandlers was neither obvious to Sheriff Dart nor should it have been obvious to him. Plaintiffs cannot reasonably argue that by not responding to a non-obvious need, this alleged failure to train caused a constitutional violation. As the Seventh Circuit has stated, "this is not enough to provide…actual or constructive knowledge that 'the police . . . so often violate constitutional rights that the need for further training must have been plainly obvious.'" Jenkins v. Bartlett, 487 F.3d 482, 493 (7th Cir. 2007)(citing *City of Canton v. Harris*, 489 U.S. 378, 390 n.10.)

A reasonable fact-finder could only find for the County Defendants on plaintiffs' failure to train claim. Plaintiffs' Rule 50(a) motion should be denied and Defendants' Motion for Judgment as a Matter of Law should be granted.

**III. The Evidence Shows That Plaintiffs' First Amendment Rights Were Not Deprived And That Plaintiffs Sustained No Injury.**

The evidence shows that neither Pindak nor Phillips sustained any actual injury. For example, testimony established Pindak that never actually stopped panhandling in Daley Plaza, despite efforts to stop him. The evidence also shows that during the time period relevant to this lawsuit, Phillips continued to panhandle at the corner of Clark and Randolph Streets in Daley Plaza and this corner was one of the busiest intersections in Chicago, Illinois.

A plaintiff cannot assert "a claim under Section 1983 without alleging a deprivation committed by a state actor." *Downs v. IndyMac Mortg. Servs.*, FSB, 560 Fed. Appx. 589, *3 (7th Cir. March 20, 2014). The evidence shows that neither

Pindak nor Phillips were deprived of a First Amendment right to panhandle in Daley Plaza. And just as a plaintiff seeking compensatory damages for the alleged violation of a First Amendment right must show an actual deprivation (which has not happened here), a plaintiff must also show actual injury. *Watseka v. Illinois Public Action Council*, 796 F.2d 1547, 1558-59 (7th Cir. 1986) (in a Section 1983 action, the finder of fact may not award damages to account for "the abstract value of a constitutional right"). *See Horina v. City of Granite City*, 538 F.3d 624, 637-38 (7th Cir. 2008) and *Memphis Community School District v. Stachura*, 477 U.S. 299, 308 (1986). Plaintiffs have shown no actual injury.

Any award of compensatory damages to plaintiffs Pindak and Phillips would be based upon pure speculation and conjecture. *Watseka, Horina* and *Stachura* show that such an award cannot stand.

This Court should deny Plaintiffs' Rule 50(a) motion for judgment as a matter of law and, instead, grant the County Defendants' Rule 50(a) motion for judgment as a matter of law and enter judgment in County Defendants' favor.

**Lack of Actual Injury**

It may well be true that in a First Amendment claim seeking injunctive relief, "[t]he loss of First Amendment freedoms is presumed to constitute an irreparable injury for which money damages are not adequate." *See Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). But this is not a claim for injunctive relief. This is a claim for compensatory damages. And to obtain compensatory damages on a First Amendment claim, a plaintiff must show actual injury. *Horina*, 538 F.3d at 637, 638.

13

In *Horina,* the plaintiff filed a civil-rights action against the City of Granite City alleging that the city's regulation on the manner in which individuals can distribute handbills in public violated his First Amendment right to distribute religious literature. The district court declared the city ordinance prohibiting the distribution of handbills was unconstitutional and also awarded compensatory damages to the plaintiff. The Seventh Circuit reversed the damage award on the ground that no evidence in the record established an actual injury. *Id.*

The Seventh Circuit stated:

> Although a district court may award compensatory damages to a successful Section 1983 plaintiff, it may not award damages to account for "the abstract value of a constitutional right." *Watseka v. Illinois Public Action Council*, 796 F.2d 1547, 1558-59 (7th Cir. 1986) Therefore, a district court may award the plaintiff damages only if he can prove that the denial of his constitutional rights resulted in an actual injury. *See Memphis Community School District v. Stachura*, 477 U.S. 299, 308 (1986); *see also Wateska*, 796 F.2d at 1558-59. The fact that the "monetary value of the particular injury is difficult to ascertain"--as is often the case when the injuries asserted are humiliation, distress, and other harms associated with the denial of a right--does not preclude an award of damages. *Wateska*, 796 F.2d at 1558-59; *see also Stachura*, 477 U.S. at 307; *Gilpin v. Am. Federation of State, County and Mun. Employees, AFL-CIO*, 875 F.2d 1310, 1314 (7th Cir. 1989). But the plaintiff must nevertheless show that he actually suffered those injuries, and "[w]here no injury [is] present, no 'compensatory' damages [may] be awarded." *Stachura*, 477 U.S. at 308; *see also Carey v. Piphus*, 435 U.S. 247, 264 (1978) (stating that "some actual, if intangible, injury must be proved before compensatory damages may be recovered").

*Horina*, 538 F.3d at 637-38. In other words, compensatory damage awards cannot be based on the abstract value of the alleged infringement of a constitutional right. Plaintiffs must show an actual injury. *Stachura*, 477 U.S. at 307. They cannot do so here.

Indeed, the evidence shows that neither Pindak nor Phillips sustained any actual injury. For example, testimony established Pindak that never actually stopped panhandling in Daley Plaza, despite efforts to stop him. The evidence also shows that during the time period relevant to this lawsuit, Phillips continued to panhandle at the corner of Clark and Randolph Streets in Daley Plaza and this corner was one of the busiest intersections in Chicago, Illinois.

A plaintiff cannot assert "a claim under Section 1983 without alleging a deprivation committed by a state actor." *Downs v. IndyMac Mortg. Servs.*, FSB, 560 Fed. Appx. 589, *3 (7th Cir. March 20, 2014). The evidence shows that neither Pindak nor Phillips were deprived of a First Amendment right to panhandle in the Daley Center. And just as a plaintiff seeking compensatory damages for the alleged violation of a First Amendment right must show an actual deprivation (which has not happened here), a plaintiff must also show actual injury. That has not happened here, either.

Any award of compensatory damages to plaintiffs Pindak and Phillips would be based upon pure speculation and conjecture. Horina shows that such an award cannot stand.

This Court should enter judgment as a matter of law in favor of the County Defendants pursuant to Rule 50(a).

## CONCLUSION

WHEREFORE, the County Defendants respectfully that this Honorable Court: (a) deny Plaintiffs' Rule 50(a) judgment as a matter of law based upon the

evidence submitted, (b) grant Defendants' Rule 50(a) judgment as a matter of law based upon the evidence submitted in this trial along with fees and costs and (c) grant such other and further relief that this Court deems just and reasonable.

                                          Respectfully submitted,

                                          ANITA ALVAREZ
                                          State's Attorney of Cook County

                                          /s/ Anthony E. Zecchin
                                          /s/ Patrick Russell
                                          Assistant State's Attorney
                                          500 Richard J. Daley Center
                                          Chicago, Illinois 60602
                                          (312) 603-3373
                                          (312) 603-3304